WESTINGHOUSE ELECTRIC & MFG. CO. v. ALLIS-CHALMERS CO. et al.

(Circuit Court, D. New Jersey. February 25, 1909.)

PATENTS (§ 259*) — INFRINGEMENT BY CORPORATION—CONTRIBUTORY INFRINGEMENT.

The fact alone that a majority of the stock of a corporation charged with infringement of a patent is owned by another corporation, which exercises such control only as is incident to such stock ownership by the election of its own officers as directors, etc., does not render the latter corporation chargeable as a contributory infringer.

[Ed. Note.—For other cases, see Patents, Cent. Dig. § 400; Dec. Dig. § 259.*

Contributory infringement of patents, see notes to Edison Electric Light Co. v. Peninsular Light, Power & Heat Co., 43 C. C. A. 485; Æolian Co. v. Harry H. Juelg Co., 86 C. C. A. 206.]

In Equity. On final hearing.

Kerr, Page, Cooper & Hayward, for complainant.
Clifton V. Edwards and Thomas F. Sheridan, for defendant Allis-Chalmers Company.

LANNING, District Judge. This is a patent suit for injunction and accounting because of alleged infringement. The complainant owns patent No. 606,015, for an improvement in systems of electrical distribution and regulation, granted to it June 21, 1898, upon the assignment of the inventor, Benjamin G. Lamme. The two defendants named in the bill of complaint are the Allis-Chalmers Company and the Bullock Electric Manufacturing Company. The latter is an Ohio corporation, and has neither been served with process nor appeared in the suit. The case is therefore prosecuted against the Allis-Chalmers Company only.

The bill charges, and the answer of the Allis-Chalmers Company admits, that in March, 1904, that company became the owner of a majority of the capital stock of the Bullock Electric Manufacturing Company. It also charges that some of the directors of the Allis-

Chalmers. Company are directors of the Bullock Company, that the Allis-Chalmers Company controls the acts of the Bullock Company, and that the Allis-Chalmers Company advertises that its electrical department comprises the plant of, and that it will continue to manufacture the product of, the Bullock Company. The answer of the Allis-Chalmers Company admits that some of its directors are directors of the Bullock Company, that it has advertised that the business of the Bullock Company is operated by the Bullock Company as the electrical department of the Allis-Chalmers Company's business, and that it will continue to manufacture the product of the Bullock Company; but it denies that it controls the Bullock Company "save as it is lawfully entitled thereto as the holder of such majority of stock."

The only infringement referred to in the complainant's briefs or proofs is the one founded on a sale by the Bullock Company to the Merchants' Heat & Light Company of Indianapolis, in April, 1904, of certain machinery said to embody the invention of the complainant's patent.

The ownership of a majority of the capital stock of the Bullock Company by the Allis-Chalmers Company, the fact that some persons —how many does not appear—are members of the two boards of directors, and the fact that the Allis-Chalmers Company advertises that its electrical department is operated by, and that it will continue to manufacture the product of, the Bullock Company, taken with the averment that it does not in any wise control the Bullock Company, except as it lawfully may as a majority stockholder thereof, are not admissions that the Allis-Chalmers Company controls the Bullock Company in any such manner as to justify a conclusion that it is guilty either of direct or contributory infringement. The admissions of the answer are the only proofs on this point. Where individuals, who are officers or stockholders of a corporation, are made codefendants with their corporation in a suit for the infringement of a patent, a decree for injunction and an accounting will not issue against them individually, where the corporation is solvent and they have not as individuals violated, or are not threatening to violate, the complainant's patent rights. Howard v. St. Paul Plow Works (C. C.) 35 Fed. 743. In Ambler v. Choteau, 107 U. S. 586, 1 Sup. Ct. 556, 27 L. Ed. 322, Mr. Chief Justice Waite said:

"If an account of profits is wanted, and an injunction against the further use of the patented inventions under the transfers from Whipple & Dickerson, then the suit should have been against the Missouri corporation in its corporate capacity, and not against a part only of its stockholders and directors individually."

To the same effect are Mergenthaler Linotype Co. v. Ridder (C. C.) 65 Fed. 854, and Bowers v. Atlantic G. & P. Co. (C. C.) 104 Fed. 888.

In the application of the rule of law on this point, I can see no reason for distinguishing between corporate and individual stockholders. If the admissions of the Allis-Chalmers Company's answer, or the proofs submitted, were sufficient to show that company to be a joint tort-feasor with the Bullock Company, it might be necessary to consider other questions presented by the record. On the present proofs, I think the complainant has failed to show, even on the assumption

th::t the patent in suit is valid and that it has been infringed, any liability on the part of the Allis-Chalmers Company.

The bill will therefore be dismissed, with costs.